STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

**ANTHONY J. FERREIRA**, in both his capacity as Administrator of the Estate of **PATRICIA J. FERREIRA** and as guardian of the estate and person of **RYAN C. FERREIRA**,
**Plaintiff,**

**v.**

**CITY OF EAST PROVIDENCE**, by and through its Treasurer, **KEVIN J. FITZGERALD, WALTER H. BARLOW**, individually and in his official capacity as a police officer employed by the City of East Providence **STEPHEN J. HALL,** individually and in his official capacity as a police officer employed by the City of East Providence, **THOMAS J. RUSH,** individually and in his official capacity as a police officer employed by the City of East Providence **MICHAEL A. DAVID**, individually and in his official capacity as a police officer employed by the City of East Providence, **KEVIN M. FEENEY**, individually and in his official capacity as a police officer employed by the City of East Providence, **STEPHEN E. TIERNAN**, individually and in his official capacity as a police officer employed by the City of East Providence, **ALISTER C. MCGREGOR**, individually and in his official capacity as a police officer employed by the City of East Providence, **JOHN DOE**, individually and in his official capacity as a police officer employed by the City of East Providence, **RICHARD ROE**, individually and in his official capacity as a police officer employed by the City of East Providence, **SAM ZOE**, individually and in his official capacity as a police officer employed by the City of East Providence, **ROBERT HOE**, individually and in his official capacity as a police officer employed by the City of East Providence, **GARY DIAS**, individually and in his official capacity as Chief of the City of East Providence Police Department,
**Defendants**

CA 05 073S

C.A. No. 04- 5409

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CRJ
9J
5512

1

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking relief for the wrongful death of Patricia J. Ferreira as a result of the acts and/or omissions committed by Defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §6 of the Rhode Island Constitution, and at common law.

### II. Parties

1. The Plaintiff is a resident of the City of East Providence, County of Providence, State of Rhode Island, and is the duly appointed and qualified administrator of the estate of Patricia J. Ferreira. Further, the Plaintiff is the guardian of the estate and person of minor Plaintiff Ryan C. Ferreira, the sole surviving child and heir at law of Patricia J. Ferreira.

2. Defendant City of East Providence ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Kevin J. Fitzgerald, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant Gary Dias ("Dias") is sued individually and in his official capacity as Chief of Police of the City of East Providence.

4. Defendant Walter H. Barlow ("Barlow") is sued individually and in his official capacity as a police officer employed by the City of East Providence Police Department ("Department").

5. Defendant Stephen J. Hall ("Hall") is sued individually and in his official capacity as a police officer employed by the Department.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

6. Defendant Thomas J. Rush ("Rush") is sued individually and in his official capacity as a police officer employed by the Department.

7. Defendant Michael A. David ("David") is sued individually and in his official capacity as a police officer employed by the Department.

8. Defendant Kevin M. Feeney ("Feeney") is sued individually and in his official capacity as a police officer employed by the Department.

9. Defendant Stephen E. Tiernan ("Tiernan") is sued individually and in his official capacity as a police officer employed by the Department.

10. Defendant Alister McGregor ("McGregor") is sued individually and in his official capacity as a police officer employed by the Department.

11. Defendant John Doe ("Doe")[1] is sued individually and in his official capacity as a police officer employed by the City of East Providence Police Department.

12. Defendant Richard Roe ("Roe") is sued individually and in his official capacity as a police officer employed by the City of East Providence Police Department.

13. Defendant Sam Zoe ("Zoe") is sued individually and in his official capacity as a police officer employed by the City of East Providence Police Department.

14. Defendant Robert Hoe ("Hoe") is sued individually and in his official capacity as a police officer employed by the City of East Providence Police Department.

**III. Jurisdiction**

15. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

True Copy Attest

[1] At this time, fictitious names are being used for the Defendants whose identities could not be established despite the exercise of reasonable diligence by Plaintiff.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## IV. Venue

16. Venue is proper in this Court in accordance with R.I.G.L §9-4-3.

## V. Material Facts

17. On or about October 10, 2001, at approximately 6:00 P.M., City police officers were dispatched to due to a threat of suicide by Patricia J. Ferreira ("decedent").

18. Defendant police officers Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe arrived at Birchard Avenue and discovered decedent inside of her vehicle and her brother, Anthony J. Ferreira, standing outside of the vehicle speaking to decedent in an attempt to convince her not to commit suicide.

19. Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe approached decedent's vehicle with their guns drawn and ordered Mr. Ferreira to back away from the vehicle or they would shoot him.

20. Mr. Ferreira complied with Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe's orders, moved away from the vehicle, and was forcefully subdued by Defendants Tiernan, David, Hall and/or Feeney.

21. Following this altercation, Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe approached decedent's vehicle with their guns drawn and ordered decedent to "put the gun down."

22. Decedent then drove her vehicle away from the scene.

23. Thereupon, Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe followed decedent's vehicle in their police cruisers until the descendent stopped on Brightridge Avenue; said Defendants then surrounded the vehicle with their weapons drawn.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

24. Throughout approximately the next one (1) hour, Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, Hoe and other City police officers established a perimeter around decedent's vehicle, while Defendants Barlow and Hall spoke with decedent.

25. Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe repeatedly ordered decedent to "put the gun down" and to exit her vehicle.

26. However, decedent remained in her vehicle at all times.

27. On information and belief, Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe then individually and/or collectively decided to formulate a "plan" to end above-described incident.

28. On information and belief, the "plan" included the use of diversionary devices or "flash-bangs" and the rapid deployment the Department's Special Reaction Team ("SRT") members to the vehicle in an effort to confuse the decedent, enter her vehicle, and seize decedent and her firearm.

29. On information and belief, the plan was to be initiated by a prearranged signal from Defendant Barlow.

30. After nearly two (2) hours of continuous conversation with decedent, and without any evidence of decedent causing danger to the public or herself and otherwise without justification, Defendants Barlow gave the signal for the detonation of the "flashbangs" and the deployment of the SRT.

31. Subsequently, two (2) "flashbangs" were detonated near decedent's vehicle.

32. Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe then rapidly approached decedent's vehicle.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

33. Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe broke the driver's side window of the vehicle with their Halligan tools, and grabbed decedent's head through the window.

34. On information and belief, due to her confusion and the commotion around her, the decedent's firearm discharged and she was mortally wounded.

35. That the actions and/or omissions of Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe were not in accordance with customary police procedures, practices and/or policies.

36. That Defendants City and Dias failed to properly select, train, instruct, supervise, and discipline officers in the City Police Department, including Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe, relative to proper police procedures, practices and/or policies, resulting in the death of the decedent.

37. That Defendant City is liable under the doctrine of *respondeat superior* for the negligent acts and/or omissions of its agents, including Defendants Barlow, Rush, Tiernan, David, Hall, Feeney, McGregor, Doe, Roe, Zoe, and/or Hoe, as police officers employed by the City Police Department and under the supervision of Defendant Paquette, whose acts and/or omissions were within the scope of their employment and were the proximate cause of grave injuries resulting in the death of decedent. R.I.G.L. §9-31-1.

38. The Defendants knew or should have known that the procedures, practices, and/or polices utilized in attempting to seize decedent were without justification and were unreasonable and reckless and were therefore unlawful under the circumstances. Despite such knowledge, the City, by and through its policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to such procedures, practices



Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

and/or policies of seizing individuals under the above-described circumstances and failed to change or eliminate such unlawful procedures, practices, and/or policies.

39. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the decedent's safety and continued life and her constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of decedent's civil rights and cause decedent grave injuries resulting in her death.

40. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, those described herein, the decedent was caused conscious pain and suffering and endured grave injuries resulting in her death.

41. That at the time of her death, decedent was twenty-eight (28) years-old and enjoyed good bodily health in every respect. She was endowed with high intelligence and ability at her work. She was at the time of her death earning a substantial salary and could reasonably have been expected to prosper in her work in the future and receive increased remuneration.

42. As a result of decedent's death, decedent's estate has incurred necessary and reasonable funeral expenses, and decedent's minor child, Ryan C. Ferreira, has been deprived and will be permanently deprived of the love, companionship, affection, society, moral support, and solace of the decedent.

## VI. Claims for Relief

43. The Plaintiff incorporates in the Counts below the allegations contained in ¶¶1–42 above.

### Count One
### Negligence—Wrongful Death

44. That Defendants, by their individual and concerted acts and/or omissions, including,



True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable injuries to decedent resulting in her death, causing the Plaintiff to suffer damages as aforesaid.

**Count Two**
**Unreasonable Seizure in Violation of 42 U.S.C. §1983**

45. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused decedent to be illegally seized in derogation of her constitutional right to be free from unreasonable seizures, resulting in decedent's wrongful death and otherwise causing her to suffer damages as aforesaid, and thereby deprived the decedent of rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Three**
**Deprivation of Constitutionally Protected Rights in Violation of 42 U.S.C. §1983**

46. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused decedent to be deprived of life without due process of law in derogation of her constitutional rights, resulting in decedent's wrongful death and otherwise causing her to suffer damages as aforesaid, and thereby deprived the decedent of rights secured under the Fourteenth Amendment of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Four**
**Unreasonable Seizure in Violation of Article I, §6 of the Rhode Island Constitution**

47. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused decedent to be illegally seized in derogation of her constitutional right to be free from unreasonable seizures,

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

resulting in decedent's wrongful death and otherwise causing her to suffer damages as aforesaid, and thereby deprived the decedent of rights secured under Article I, §6 of the Rhode Island Constitution.

## VII. Prayers for Relief

**WHEREFORE,** Plaintiff prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, §6 of the Rhode Island Constitution by causing Plaintiff to be unlawfully seized.

2. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourteenth Amendment to the United States Constitution by causing decedent to be deprived of her life without due process of law.

3. A declaratory judgment that the Defendants, in the manner described herein, violated the Rhode Island Wrongful Death Act, R.I.G.L. §10-7-1, *et seq*., by causing grave injuries to decedent resulting in her death.

4. An award of compensatory damages.

5. An award of punitive damages.

6. An award of statutory damages pursuant to R.I.G.L. §10-7-1, *et seq*.

7. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988.

8. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**IX. Designation of Trial Counsel**

Plaintiff hereby designates V. Edward Formisano, Esq., as trial counsel.

PLAINTIFF,
By his Attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

**Date: October 5, 2004**

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island