UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY J. FERREIRA, as Administrator of the Estate of Patricia J. Ferreira, and as Guardian of the Estate and Person of Ryan C. Ferreira,<br>*Plaintiff,*<br>vs.<br>CITY OF EAST PROVIDENCE, et al.,<br>*Defendants.* | C.A. No. 05-73 S |
| ANTHONY J. FERREIRA, individually,<br>*Plaintiff,*<br>vs.<br>CITY OF EAST PROVIDENCE, et al.,<br>*Defendants.* | C.A. No. 05-75 S<br>(member case) |

**DEFENDANTS' MOTION IN LIMINE – UNCONTROLLABLE IMPULSE**

Defendants hereby move in limine for an Order precluding testimony that Ms. Ferreira removed her handguns without any interference from the police officers who responded to the scene. In support thereof, defendants rely on their memorandum of law, attached hereto and incorporated herein.

Defendants,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on March 2, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Marc DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY J. FERREIRA, as Administrator of the Estate of Patricia J. Ferreira, and as Guardian of the Estate and Person of Ryan C. Ferreira,<br>*Plaintiff,*<br>vs.<br>CITY OF EAST PROVIDENCE, et al.,<br>*Defendants.* | C.A. No. 05-73 S |
| ANTHONY J. FERREIRA, individually,<br>*Plaintiff,*<br>vs.<br>CITY OF EAST PROVIDENCE, et al.,<br>*Defendants.* | C.A. No. 05-75 S<br>(member case) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE – UNCONTROLLABLE IMPULSE**

Defendants file their motion in limine to preclude testimony that Ms. Ferreira removed her handguns without any interference from the police officers who responded to the scene.

The claims in this case arise out of the suicide of Patricia Ferreira on October 10, 2001 on Brightridge Avenue in East Providence, Rhode Island. East Providence police were dispatched to Birchard Avenue, at approximately 6:00 p.m., when Ms. Ferreira issued her suicide threat. *Plaintiff's Complaint, paragraph 17*. Plaintiff contends that Defendants – the City of East Providence and certain of its police officers – are responsible for Ms. Ferreira's suicide. Prior to

the suicide, these officers had responded to a domestic disturbance call at a home occupied by Ms. Ferreira and her boyfriend, John Sousa. Ms. Ferreira removed her belongings from the home, including her handguns. Defendants hereby move for an Order precluding testimony that Ms. Ferreira removed her handguns without any interference from the police officers who responded to the scene. This testimony is not relevant to Plaintiff's suicide claims and introduction of this non-relevant testimony is highly prejudicial and will only mislead the jury.

Historically, the act of suicide terminated a defendant's civil liability. *Clift v. Narragansett Television, L.P., 688 A.2d 805, 808 (R.I. 1996)*. However, over time, that view changed and courts "came to recognize a right of recovery in certain limited factual instances." *Id*. These limited instances occurred when the particular suicide was the—

> result of an uncontrollable impulse, or is accomplished in delirium or frenzy caused by the * * * [defendant's negligent act], and without conscious volition to produce death, having knowledge of the physical nature and consequences of the act. An act of suicide resulting from a moderately intelligent power of choice, even though the choice is determined by a disordered mind, should be deemed a new and independent, efficient cause of death that immediately ensues. *Id. (citations omitted)*

This "uncontrollable impulse" rule is the standard in Rhode Island. The rule "recognizes liability for negligent conduct (1) that brings about delirium or insanity in another and (2) if while that condition of delirium or insanity continues to exist, it prevents the affected person from realizing the nature of his or her condition or makes it impossible for him or her to resist the suicidal impulse by depriving that person of the capacity to reasonably control his or her conduct and not carry out the suicidal impulse." *Id*. *See also, Restatement (Second) Torts § 455 (1965).*

The theory behind the uncontrollable impulse rule is that—

> suicide breaks the chain of causation only if it was intentional; suicide resulting from delirium or an uncontrollable impulse created by the defendant's wrongful act preserves

> the chain of "direct causation". The flip side is that where suicide results from "a moderately intelligent power of choice, even though the choice is determined by a disordered mind", or by a "morbid" mind "unable to tolerate the pain, inconvenience and humiliation" of its particular condition, the suicide is 'a new and independent, efficient cause of the death that immediately ensues. Logarta v. Gustafson, *998 F.Supp.998, 1005 (D. Wis. 1998) (citations omitted)*

Typically, cases of uncontrollable impulse "involve the infliction of severe physical injury, or, in rare cases, the intentional infliction of severe mental or emotional injury through wrongful accusations, false arrest or torture." Id. *(citations omitted)*.

In the instant case, no reasonable jury could find that the actions of the police, in allowing Ms. Ferreira to remove her handguns, brought about an uncontrollable impulse to commit suicide.[1] The police officers did not inflict, nor does Plaintiff allege, physical injury on Ms. Ferreira that led to an uncontrollable impulse. There are no allegations that the police officers intentionally inflicted mental or emotional injury through wrongful accusation, false arrest or torture upon Ms. Ferreira. The action (or non-action) of standing by while she removed her firearms does not involve physical injury, wrongful accusation, false arrest or torture. Allowing Ms. Ferreira to leave the house with her handguns could not, as a matter of law, bring about an uncontrollable impulse, delirium or insanity in Ms. Ferreira.

In *Clift*, plaintiff's decedent, who had threatened suicide, was surrounded in his home by the police. A television news reporter telephoned the decedent, without notifying the police or plaintiff's family, and recorded an interview with him. The interview was played on the evening news. In the newscast, the reporter identified plaintiff's decedent, by name, and labeled him a very troubled man on the verge of suicide. She also asked him whether he meant to hold his wife hostage, was sick, and would give himself up and try to work. Plaintiff's decedent committed suicide minutes after the news story was broadcast by the television station. When police

[1] Defendants do not concede that their conduct was negligent but determination of that issue is unnecessary for this motion.

entered the decedent's house, his television was tuned to that news station. Plaintiff was able to survive summary dismissal based on the testimony of her medical expert who opined that "the telephone call exacerbated the already existing 'self-destructive impulses' of the decedent and that absent the reporter's telephone call it was 'unlikely' that the decedent would have committed suicide 'when he did.'" *Id. at 812*. In the instant case, the police officers simply stood by while Ms. Ferreira removed her personal belongings which included her handguns. This passive "action" is not, in any way, comparable with the intrusive and affirmative action taken by the *Clift* news reporter.

In *Logarta*, the court found that plaintiff had failed to prove an uncontrollable impulse because

> [t]here are no allegations that [defendants] conduct or actions * * * inflicted upon Ronald severe physical injury, or the intentional infliction of severe mental or emotional injury through wrongful accusation, false arrest or torture. There are no allegations that Ronald succumbed to an uncontrollable impulse, or a frenzy or delirium, which deprived him of his ability to recognize the nature and likely result of his actions. To the contrary, the complaint portrays a young man who calmly asked for a gun, proceeded to make his suicidal intentions known, selected a location, and then carried those intentions out to their tragic end after being reminded to "think about" what he was doing. There is simply nothing in the complaint from which the Court could conclude that the suicide resulted from anything other than "a moderately intelligent power of choice". *Logarta, 998 F.Supp. at 1005-1006.*

In the instant case, Plaintiff's Complaint contains no allegations that the police standing by as Ms. Ferreira left the home with her guns caused her to experience an uncontrollable impulse. In fact, according to Plaintiff's Complaint, the alleged negligent and other wrongful acts of Defendants occurred after Ms. Ferreira left her home with her guns. According to Plaintiff's Complaint, the allegations of wrongdoing start at 6:00 p.m. on October 10, 2001, when the East Providence police officers were dispatched to Birchard Avenue due to Ms. Ferreira's suicide threat. See *Plaintiff's Complaint, Material Facts, paragraphs 17 and 18*.

Ms. Ferreira's actions do not show an uncontrollable impulse related, in any way, to the police standing by as she left her home with her handguns. In fact, her actions after she left the house show the opposite; her actions show a moderately intelligent power of choice by a disordered mind, unable to tolerate the pain, inconvenience and humiliation of the condition in which she found herself.

No reasonable jury could find that the police officers standing by as Ms. Ferreira left the home with her handguns brought about an uncontrollable impulse, delirium or insanity in Ms. Ferreira. If it is allowed into evidence, it has the danger of becoming a focal point of the case, and misleading the jury. No qualifying instruction from the Court can override the prejudicial effect of this non-relevant testimony. Defendants respectfully request that this Court preclude testimony on this subject by Plaintiff.

Defendants,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on March 2, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Marc DeSisto