**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY J. FERREIRA, in both his capacity as Administrator of the Estate of Patricia J. Ferreira and as guardian of the estate and person of Ryan C. Ferreira,** **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 05-73S (consolidated)** |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al.,** **Defendants** | : | |

**PLAINTIFF'S OBJECTION TO MOTION TO QUASH SUBPOENA AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AS REQUESTED PURSUANT TO SUBPOENA**

Now comes the Plaintiff and does hereby object to the Rhode Island Department of Attorney General's ("Department") Motion to Quash a subpoena served upon the Keeper of Records at the Department of Attorney General on February 7, 2007. The subject subpoena requested the Department produce and permit inspection and copying of documents relative to the Department's file in the matter of State v. Warzycha, PI 2002-1291A. The Department has moved to quash the subpoena, pursuant to Fed.R.Civ.P. 4(c)(3)(A)(iii) and (iv), on the ground that the subpoena requires disclosure of privileged or other protected matter and that the subpoena subjects a person to undue burden. Specifically, the Department states that the documents sought and contained in the Department's file relate to a criminal case, including attorney notes, and requests information related to a third person not a party to the within action. Based on the reasons stated below, the Plaintiff asserts that the Department's objections lack merit.

Under Fed.R.Civ.P. 45, a court may quash or modify[1] a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. See Fed.R.Civ.P. 45 (3)(A)(i)-(iv).

In the within case, the Department asserts that the subpoena creates an undue burden. To determine whether the subpoena presents an undue burden, a court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817-818 (5th Cir. 2004).

In the first instance, the Plaintiff asserts that the subpoena seeks relevant information. Under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged. See Fed.R.Civ.P. 26(b)(1). Discovery requests are relevant when they seek admissible evidence or evidence that is reasonably calculated to lead to the discovery of admissible evidence. Harvard Pilgrim Health Care of New England v. Thompson, 318 F.Supp.2d 1, 13 (D.R.I. 2004). Whether Plaintiff's subpoena request is relevant thus turns on whether it is "reasonably calculated" to lead to evidence admissible as to his claims against Defendants. Plaintiff asserts that his request does. The subpoena seeks information possessed by the Department relative to a criminal case involving the shooting death of a former member of the East Providence Police

[1] Federal Courts have generally held that modifying a subpoena is generally preferable to quashing it. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004); see also CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002)

Department-- Alister C. McGregor. The shooting occurred during training procedures[2] conducted by the East Providence Police Department ("Police Department") which involved McGregor.[3] Insofar as Plaintiff alleges that Patricia Ferreira's death was caused by improper procedures conducted by members of the Police Department, including McGregor, and that the Defendant City of East Providence failed to properly train its officers relative to same, the information sought in the subpoena is relevant.

Furthermore, the Plaintiff has a "need" for the documents requested on account that the documents may demonstrate that the Police Department's procedures were inadequate or lead to the discovery of other admissible evidence relative to the training procedures.

In addition, Plaintiff' subpoena request is not overbroad and describes with the particularity the information sought—Department's "[f]ile in the matter of State v. Warzycha, PI 2002-1291A."

The Department also asserts in its Motion that the information sought is privileged. However, the Department has failed to comply with Fed.R.Civ.P. 45(d)(2), which requires that a privilege claim be accompanied by "a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." The First Circuit has held that the "operative language [of Rule 45(d)(2)] is mandatory and, although the rule does not spell out the sufficiency requirement in detail, courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log." In re Grand Jury Subpoena, 274 F.3d 563, 575-576 (1st Cir. 2001); See

---

[2] On information and belief, the training exercises conducted by the Police Department and McGregor at the time of his death were SRT and/or SWAT procedures; the same procedures, as alleged by Plaintiff, as being improperly conducted and causing the death of Patricia Ferreira.

[3] The Department asserts in its Motion that Plaintiff should not receive the information sought because the requested information "relate[s] to a third person not a party to this action." However, Department fails to acknowledge that the criminal case involves the death of an individual directly involved with this case.

Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1, 1 (D.D.C.1999)(describing privilege logs as "the universally accepted means" of asserting privilege claims in the federal courts). "A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." In re Grand Jury Subpoena, 274 F.3d at 575-576; see Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed.Cir.1996)(holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege). The "specify or waive" rule applies equally in the context of claims of work product privilege. See Id.

The Department failed to produce a document index or privilege log along with its Motion. Accordingly, the Department has waived its privilege claim. In re Grand Jury Subpoena, 274 F.3d at 575-576. In addition, the neglect in producing a privilege log impedes Plaintiff's ability to contest the within motion and this Court's ability to rule on same.

Furthermore, the information sought is not covered by the work-product privilege. The test in determining whether materials are work product is whether the materials can be said to have been prepared "because of the prospect of litigation." *Cabral v. Arruda*, 556 A.2d 47, 49 (R.I. 1989). The work product privilege is designed to protect the "thought processes or mental impressions" of the attorney…[but] "at some point the privilege must yield to the needs of the adversary system." *Horan v. Sun Co.*, 152 F.R.D. 437, 439. In this case, as stated above, the Plaintiff is seeking information regarding the adequacy of training procedures of the Police Department and any documents relative thereto. Such information is not related to the "thought processes or mental impressions" of the Department; therefore, the information is not privileged.

**WHEREFORE**, Plaintiff prays this Honorable Court deny the Department's Motion to Quash Subpoena and compel the Department to produce documents as requested in the subpoena.

Respectfully submitted,
PLAINTIFF,
By his Attorneys,
SINAPI, FORMISANO & CO., LTD.

Dated: March 3, 2007

/s/ V. Edward Formisano
V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401)943-9040 (facsimile)

**CERTIFICATION**

To: Marc DeSisto, Esq.
211 Angell Street
P.O. Box 2563
Providence, RI 02906

Genevieve M. Allaire Johnson
Special Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that on the 3rd day of March, 2007, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. I also certify that the above received the within.

/s/ V. Edward Formisano