**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY J. FERREIRA, in both his capacity as Administrator of the Estate of Patricia J. Ferreira and as guardian of the estate and person of Ryan C. Ferreira, Plaintiff,** | : | |
| **v.** | : | **C.A. No. 05-73S (consolidated)** |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al., Defendants** | : | |
| **ANTHONY J. FERREIRA, Plaintiff,** | : | |
| **v.** | : | |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al., Defendants** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE—EXPERT GROSSI**

Now comes the Plaintiff in the above-cited matter and does hereby object to Defendants' Motion in Limine—Expert Grossi.

**WHEREFORE**, the Plaintiff respectfully prays that Defendants' Motion in Limine be denied.

PLAINTIFF,
By his Attorneys,
SINAPI FORMISANO & COMPANY, LTD.

/s/ V. Edward Formisano ________________
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, Rhode Island 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

TO: Marc DeSisto, Esq.
211 Angell Street
P.O. Box 2563
Providence, RI 02906

I hereby certify that on the 8th day of March, 2007, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. I also certify that the above counsel of record has received the within.

/s/ V. Edward Formisano

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY J. FERREIRA, in both his capacity as Administrator of the Estate of Patricia J. Ferreira and as guardian of the estate and person of Ryan C. Ferreira,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 05-73S (consolidated)** |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al.,** | : | |
| **Defendants** | : | |
| **ANTHONY J. FERREIRA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al., Defendants** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO DEFENDANTS' MOTION IN LIMINE—EXPERT GROSSI**

Now comes the Plaintiff in the above-cited matter, and does hereby submit the within Memorandum of Law in support of his Objection to Defendants' Motion in Limine—Expert Grossi.[1]

In support of their Motion, Defendants claim that the testimony of Plaintiff's expert witness, David M. Grossi, as well as Mr. Grossi's written report, dated February 19, 2007 ("Grossi Report"), should be excluded as evidence at trial on account that Mr. Grossi's testimony will confuse and mislead the jury and that his testimony is inadmissible pursuant to Fed.R.Evid. 702.

[1] The Plaintiff will not address and does not have an objection to Defendants' motion to preclude the testimony of David M. Grossi that expresses a legal conclusion or testimony concerning applicable law. The Plaintiff also does not have an objection to the non-introduction of Mr. Grossi's expert report provided that Defendants to do not

**I. <u>Mr. Grossi's Testimony Relative to East Providence Police Department General Order #2000-43 (Suicidal/Mentally Ill Persons)</u>.**

Defendants claim Mr. Grossi's opinions relative to East Providence Police Department General Order #2000-43, entitled Suicidal/Mentally Ill Persons ("General Order #2000-43"), are irrelevant. However, insofar as substantial evidence exists demonstrating that Ms. Ferreira was "in crisis" at the time Defendants Tiernan, David, and Rush responded to the call and that said Defendants know or should have known she was "in crisis," General Order #2000-43 is applicable to the subject lawsuit.

General Order #2000-43 states, in pertinent part:

> Often times, police officers, due to the dynamic nature of their role, may be called to intervene in suicide or *mental illness/crisis situations*. Since these situations can be volatile, escalate, and erupt into grave circumstances, interaction with individuals in such a state require *a tactful and sensitive approach.* The main goal is to get psychiatric assistance for the subject, if needed, and in the safest manner possible. General Order #2000-43, 1.2 (emphasis added).

Further, General Order #2000-43, 1.3.A. states:

> Police officers most commonly encounter suicidal/mentally ill persons in a state of depression, manic depression (also known as bipolar disorder, and/or psychosis (delusions, hallucinations).

In his report, based upon the deposition testimony of Defendants Tiernan, David, Rush, and Barlow, Mr. Grossi opines that "it is obvious Ms. Ferreira was in a crisis situation and that suicide may be a possibility." Grossi Report at pg. 14. Mr. Grossi further states that, based on the "crisis situation," Ms. Ferreira should have been taken by Defendants to an appropriate facility for psychiatric assistance in accordance with General Order #2000-43 and R.I.G.L. §40.1-5-7(a)(1).[2]

---

introduce the report of their expert, Ronald McCarthy.

[2] R.I.G.L. §40.1-5-7(a)(1), states, in pertinent part:

> If an examination (by a physician) is not possible because of the emergency nature of the case…the applicant on the basis of his or her observation may determine…that emergency certification is necessary.

See Id. at 14-15. In addition, Plaintiff's other expert witness, Lloyd F. Price, M.D., a forensic psychiatrist, stated in his expert report that "Ms. Ferreira clearly met the definition of an individual in crisis, at the time of the initial police visit to her residence." Expert Report of Lloyd F. Price, M.D. at pg. 2.

Based upon the expert opinions of both Mr. Grossi and Mr. Price that Ms. Ferreira was "in crisis," it is clear that General Order #2000-43 is applicable insofar as General Order #2000-43 relates to "suicide or mental illness crisis situations." Further, General Order #2000-43 permits police officers to "get psychiatric assistance for [a person in crisis]." As such, Defendants Tiernan, David, and/or Rush failed to adhere to General Order #2000-43 by not taking Ms. Ferreira to a psychiatric facility—another example of the applicability of General Order #2000-43—and is evidence of the breach of their duty of care.

Further, Defendants argument that General Order #2000-43 is irrelevant on account that the police officers responded to a domestic call as opposed to a suicidal/mentally ill persons call lacks merit. No evidence has been presented by Defendants that East Providence police officers are restricted from enforcing certain Department policies because the original response call did not relate to such policy. Specifically, in the present case, because the call was pigeon-holed as a domestic call does not restrict or immunize officers from adhering to or enforcing other non-domestic call laws, regulations, or policies or adhering to the proper duty of care.

In addition, Defendants assert that General Order #2000-43 did not mandate that Defendants Tiernan, David, or Rush confiscate Ms. Ferreira's firearms because the purpose of the policy is to protect the safety of police officers. Plaintiff construes Defendants' argument as meaning that

---

In the event that no physician is available…a police officer who believes the person to be in need of immediate care and treatment…may make the application for emergency certification to a facility.

General Order #2000-43 is inapplicable because the responding police officers did not fear for their safety and, therefore, could not lawfully seize the guns. Defendants' interpretation of General Order #2000-43 is misplaced. General Order #2000-43 is directed towards both the safety of police officers and, by its plain language, the safety of suicidal/mentally ill persons. See General Order #2000-43, 1.2 and 1.3 B-4. In addition, in their deposition testimony, Defendants David, Hall, Rush, Barlow, Feeney, and Dias stated that seizure of weapons from persons in crisis is authorized in accordance with General Order #2000-43. Therefore, Mr. Grossi's testimony regarding General Order #2000-43 is relevant as evidence of a breach of a duty of care and should not be precluded pursuant to Fed.R.Evid. 402 and 403.

## II. Mr. Grossi's Testimony Relative to the Deployment of Diversionary Devices.

Defendants claim in their motion in limine that the opinion testimony of Mr. Grossi relative to the use of flash bang devices to breach a motor vehicle window is irrelevant and will only mislead the jury. However, Mr. Grossi states, in his expert opinion, that flash bang devices are not designed to breach automobile glass and that Defendants acted improperly by attempting to use the devices in such a manner. Mr. Grossi's expert testimony is relevant insofar as it supports Plaintiff's claims that the Defendant police officers acted unreasonably by deploying the flash bangs in the area surrounding a person in crisis and were improperly trained in the use of same causing a deprivation of Ms. Ferreira's civil rights. Furthermore, Mr. Grossi's testimony substantiates Plaintiff's claims that, given the "totality of the circumstances," while Ms. Ferreira was in the automobile, the use of the flash bangs and the attempted use of the flash bang devices to breach Ms. Ferreira's car window was not warranted, and contributed to Ms. Ferreira's heightened and distraught emotional state and caused or contributed to the "startle effect," which probably led to her death.

In summary, the improper use of the flash bangs is part of the "totality of circumstances" and continuing sequence of events which led to the Plaintiff's death.

**III. Mr. Grossi's Testimony Relative to the "Startle Effect".**

Defendants assert that Mr. Grossi's testimony regarding the "startle effect"[3] is inadmissible pursuant to Fed.R.Evid. 702. First, Defendants claim Mr. Grossi is not qualified to give an opinion on the "startle effect." However, in his expert report, Mr. Grossi states: "I have not only taught and authored on [the startle effect], I have trained over 165,000 police officers in this area." Grossi report at pg. 6. Mr. Grossi also stated that he is a nationally certified firearms trainer and tactical commander. See Id. at 7. The foregoing demonstrates that Mr. Grossi is "qualified as an expert by…experience, training [and] education." Fed.R.Evid. 702. Second, Defendants state that the Plaintiff has not presented any evidence to support Mr. Grossi's conclusion that the "startle effect" was caused by the flash bangs or that the "startle effect" theory is scientifically valid. Yet, in the Grossi Report, Mr. Grossi states, in detail, the physiological reactions that result when human beings become startled by a loud noise. See Id. at 6. Indeed, this normal human reaction is, in part, within the common knowledge of the average layperson. However, Mr. Grossi supports his opinions based on his experience and training as a firearms trainer, and opines on the significance of the effect in that context. See Id. Third, Defendants assert that Mr. Grossi has failed to apply his "startle effect" principle to the facts of the within case. However, Mr. Grossi states in his report "it is incomprehensible that these officers would even consider, let alone deploy, not one, but two flash bang devices near or into the occupied vehicle of an individual admittedly under stress, holding a firearm in her mouth, with her finger on the trigger." See Id. at 7.

---

[3] In his report, Mr. Grossi refers to the "startle effect" as a sympathetic muscle contraction that results from either a sudden appearance or a loud noise.

Based on the foregoing, Mr. Grossi's testimony relative to the "startle effect" is not precluded by Fed.R.Evid. 702.

**IV. Conclusion**

In summary, under the totality of circumstances, Mr. Grossi's opinions relative to General Order #2000-43, the deployment of the flash bangs, and the "startle effect" establish that Defendants breached the duty of care owed to Ms. Ferreira. It would therefore be unfair, improper and misleading to withhold form the jury a complete picture of the sequence of events which led to Ms. Ferreira's death.

Therefore, for the reasons discussed herein, the Plaintiff respectfully prays that Defendants' Motion in Limine to Mr. Grossi's expert testimony and report be denied.

PLAINTIFF,
By his Attorneys,
SINAPI FORMISANO & COMPANY, LTD.

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, Rhode Island 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

TO: Marc DeSisto, Esq.
211 Angell Street
P.O. Box 2563
Providence, RI 02906

I hereby certify that on the 8th day of March, 2007, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. I also certify that the above counsel of record has received the within.

/s/ V. Edward Formisano